**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **FRED J. JACKSON, JR.,**<br><br>      Plaintiff,<br><br>      v.<br><br>**SCOTT BESSENT, Secretary of the Treasury,**<br><br>      Defendant. | Case No. 1:25-cv-3551 (TNM) |

**<u>MEMORANDUM OPINION</u>**

Fred Jackson, proceeding *pro se*, sues the Secretary of the Treasury for employment discrimination.  Compl., ECF No. 1.  The Secretary moves to dismiss his Complaint.  Def.'s Mot., ECF No. 5.  Because Jackson falls short of minimum pleading standards set out by Rule 8(a) of the Federal Rules of Civil Procedure, the Court will grant the Secretary's motion and dismiss Jackson's Complaint.

Rule 8(a) requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).  The purpose of the Rule 8 standard is to provide fair notice to the defendants of the claim being asserted so that they can prepare a responsive answer, prepare an adequate defense, and determine whether the doctrine of res judicata applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

In applying this standard to *pro se* litigants like Jackson, the Court must liberally construe the pleadings, recognizing that *pro se* pleadings and are held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Yet *pro se*

1

litigants must still comply with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

Jackson's Complaint does not meet minimum pleading requirements. In few sentences, he alleges that the Treasury Department offered him a job but rescinded the offer part way through its background check on Jackson. Compl. at 5. Before this rescission, Jackson "raised concerns" about that investigation and "reported possible fraud, waste, and abuse" and requested to undergo "counseling" with the Equal Employment Opportunity Commission. *Id.* Jackson provides no other factual detail. He seeks relief "that would have been afforded" had the Treasury not engaged in "discriminatory conduct," including service credit, back-pay, sick accrual, and other damages. *Id.* at 6. His Complaint ends there. In his response to the Secretary's motion, Jackson clarifies that he pursues a race discrimination claim. Pl.'s Response at 5, ECF No. 8; *see Richardson v. United States,* 193 F.3d 545, 548 (D.C. Cir. 1999) (noting courts' obligation to consider all *pro se* filings together).

Considering Jackson's scant pleadings altogether, he has failed to make out a race discrimination claim, or any other discernable claim. Nowhere in Jackson's factual allegations does he say anything about racial discrimination. Compl. at 5. He mentions only that he "raised concerns" about "possible fraud, waste, and abuse" and sought "counseling." *Id.* If revoking a job offer in response to those actions amounted to a race-based decision, Jackson has said nothing to suggest that race played a role. In fact, he alleges so little about race-based treatment that the Secretary read Jackson's Complaint as possibly bringing a whistleblower claim, *see* Def.'s Mot. at 7, a possibility that Jackson's explicitly denounced in his Response brief, Pl.'s response at 5 ("Defendant mischaracterizes Plaintiff's claims as whistleblower claims."). As the Secretary's confusion confirms, Jackson's allegations provide the Secretary insufficient notice of

the supposed discrimination claim against it. *Brown*, 75 F.R.D. at 498; Fed. R. Civ. P. 8(a).

Jackson has identified no other feasible claims, and the Court sees none.[1]

The Court will accordingly dismiss his Complaint without prejudice.  An order consistent with this Memorandum Opinion will issue today.

Dated:  May 8, 2026                                        TREVOR N. McFADDEN, U.S.D.J.

---

[1]  Jackson asks the Court to grant him leave to amend his Complaint should it require additional factual detail.  Because the Court will dismiss the Complaint without prejudice, the proper course for Jackson is to refile a Complaint that complies with the Federal Rules of Civil Procedure should he still seek relief.